831 F.2d 305
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ramon ORTIZ, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 Appeal No. 87-3158
 United States Court of Appeals, Federal Circuit.
 September 9, 1987.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and EDWARD S. SMITH, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. DE07528610283, sustaining the removal of Ramon Ortiz (petitioner) by the Department of the Army (agency), is affirmed.
 
 OPINION
 
 2
 It is argued that the board improperly admitted testimony at its hearing concerning an allegedly privileged conversation between petitioner and Frances Williams, the agency's Equal Employment Opportunity Manager. Petitioner contends that the merits of the adverse action should be wholly disregarded because the admission of this testimony was a 'serious procedural defect' that should divest the removal of its legality.
 
 
 3
 Petitioner has cited Sullivan v. Department of the Navy, 720 F.2d 1266 (Fed. Cir. 1983) as support for his argument. In Sullivan, we held that evidence of ex parte communications in an agency removal action deprived petitioner of his rights under the due process clause, tainted the investigation, and voided the entire removal proceeding. Id. at 1274. Sullivan, however, involved a procedural curtailment that divested the agency action of its legality. The improper procedure went to the heart of the action itself, not to the later MSPB hearing. For purposes of the harmful error rule, 5 U.S.C. Sec. 7701(c)(2)(A) (1982), an employee who elects to appeal an agency decision must prove that any procedural errors substantially prejudice his rights by possibly affecting the agency's decision. See Smith v. United States Postal Service, 789 F.2d 1540, 1545 (Fed. Cir. 1986). Sullivan does not control the question of error before the board.
 
 
 4
 Board error may, as here, be harmless procedural error. Whether or not petitioner's conversation with Williams was privileged, it was not the only evidence relied upon by the board in its decision. There is sufficient evidence in the record to support the board's determination without relying on the testimony of Williams.
 
 
 5
 Petitioner contends that the board gave too much credence to the description of an encounter with petitioner described by pharmacy technician Stephen Gwinn, the other principal witness for the agency. Petitioner, however, has not provided us grounds to disturb the board's findings. The board specifically found this witness' testimony to be credible and convincing, and the testimony of petitioner to be 'evasive and unconvincing.' Evidentiary rulings and credibility determinations are subject to reversal only if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accord with law. Hambsch v. Department of the Treasury, 796 F.2d 430, 435 (Fed. Cir. 1986); see Phillips v. United States Postal Service, 695 F.2d 1389, 1390, n.2 (Fed. Cir. 1984).
 
 
 6
 Accordingly, we hold that the decision of the board sustaining the removal of Ramon Ortiz is not arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence. Hayes v. Department of the Navy, 727 F.2d 1535 (Fed. Cir. 1982).